IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEE JONES,<br><br>        Petitioner,<br><br>vs.<br><br>WARDEN DOUGLAS FENDER,<br><br>        Respondent. | CASE NO. 1:22-cv-1571<br><br>DISTRICT JUDGE<br>JAMES R. KNEPP II<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

Petitioner Lee Jones filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. Jones is in custody at the Northeast Ohio Correctional Center,[1] due to a journal entry of sentence in the case *State v. Jones*, Cuyahoga County Court of Common Pleas, Case No. CR-14-590112-A. The Court referred this matter to a Magistrate Judge under Local Rule 72.2 for the preparation of a Report and Recommendation. For the following reasons, I recommend that the Petition be dismissed as time-barred.

---

[1] When Jones filed his petition, he was housed at the Lake Erie Correctional Institution where Douglas Fender is the Warden. Doc. 1, at 1. But the Warden in his Return indicated that Jones was housed at the Northeast Ohio Correctional Center, Doc. 6, at 1, and served Jones there with the Return, *id.* at 35. Jones apparently received the Return, because he filed a Traverse responding to it and listed his address as the Northeast Ohio Correctional Center. Doc. 7 at 23. But Jones hasn't complied with the Court's Initial Order, which states that "[w]hen a party has a change of address, the party must immediately inform the Court of the new address or risk the waiver of his/her right to present arguments or the dismissal of his/her case." Doc. 5, at 2.

**Summary of facts**

In habeas corpus proceedings brought by a person under 28 U.S.C. § 2254, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012).

The Ohio Court of Appeals for the Eighth Appellate District summarized the facts underlying Jones's conviction as follows:

> {¶2} The facts are relatively straightforward and undisputed. Jones approached a stranger on the street, struck the victim in the face, and dragged her around a corner to rape and further beat her. For this, Jones agreed to plead guilty to a single count of rape.
>
> {¶3} This was not an isolated occurrence for Jones. In 1995, he was adjudicated delinquent for rape and remanded to the Ohio Department of Youth Services. In 2003, Jones was convicted of two separate rapes, leading to a five-year concurrent prison term. In 2007 and 2008, Jones was convicted of four rapes, each of a separate victim. That time, Jones was sentenced to ten years on each count to be served consecutive to each other. In this case, the trial court accepted Jones's guilty plea and sentenced him to ten years, to be served consecutive to the rest of his sentences.

*State v. Jones*, No. 104152, 2016 WL 7295653, at *1 (Ohio Ct. App. Dec. 15, 2016).

**Procedural background**

*Motion to withdraw guilty plea*

The trial court sentenced Jones on January 26, 2016. Doc. 6-1, at 10 (Exhibit 5), Doc. 6-2, at 46 (transcript). The same day, Jones submitted a motion to withdraw his guilty plea. Doc. 6-1, at 12–14 (Exhibit 7). Jones argued that his attorney told him that any sentence Jones would receive would run concurrent to his other sentences. *Id*. at 13. Had he known it was possible that the court would run his sentence consecutive to his others, Jones asserted, he "never would've copped out." *Id*. On February 10, 2016, the trial court denied Jones's motion. *Id*. at 23 (Exhibit 9).

*Direct appeal*

On February 22, 2016, Jones, through new counsel, appealed the trial court's sentencing entry to the Ohio court of appeals. Doc. 6-1, at 25 (Exhibit 10). In his merit brief, Jones raised the following assignments of error:[2]

> 1. The trial court erred herein in sentencing Lee Jones to a sentence consecutive to which he is presently serving.
>
> 2. The trial court committed error by sentencing Lee Jones absent addressing his credit for time served in incarceration during the hearing.

*Id*. at 36 (Exhibit 11). On December 15, 2016, the Ohio court of appeals affirmed the trial court's judgment. *Id*. at 67–84 (Exhibit 13). Jones did not appeal to the Supreme Court of Ohio.

---

[2] Jones's claims are reproduced as written.

3

*Second motion to withdraw guilty plea*

On November 30 and December 3, 2018, Jones pro se filed in the trial court under Ohio Criminal Rule 32.1 two copies of the same motion to withdraw his guilty plea and vacate his conviction. Doc. 6-1, at 85–120 (Exhibits 14, 15). He argued that his guilty plea was not knowing, voluntary, or intelligent because his trial counsel "gave [him] misinformation to coerce his guilty plea." *Id*. at 104. He also alleged that his attorney "never investigated any possible defenses" or "contacted any potential witnesses." *Id*. On December 14, 2018, the trial court denied Jones's motion. *Id*. at 127 (Exhibit 17), 294 (Exhibit 38).

On January 17, 2019, Jones appealed to the Ohio court of appeals. Doc. 6-1, at 128 (Exhibit 18). On February 6, the court dismissed Jones's appeal as untimely. *Id*. at 136 (Exhibit 19). On February 20, Jones filed a notice of appeal and a motion for leave to file a delayed appeal. *Id*. at 137, 144 (Exhibits 20, 21). The Ohio court of appeals granted Jones's motion for leave to file a delayed appeal and appointed Jones counsel. *Id*. at 154 (Exhibit 22).

In his merit brief, Jones raised the following assignment of error:

> The trial court erred when it denied Appellant's Motion to Withdraw Defendant's Guilty Plea and Vacate Conviction Pursuant to Criminal Rule 32.1 without a hearing, findings of fact or conclusions of law.

Doc. 6-1, at 159 (Exhibit 23). On November 27, 2019, Ohio court of appeals affirmed the trial court's judgment, finding that the trial court lacked

4

jurisdiction to consider Jones's motion to withdraw his guilty plea *Id*. at 204–08 (Exhibit 13).

On June 9, 2020, Jones pro se filed a notice of appeal and a motion for leave to file a delayed appeal in the Ohio Supreme Court. Doc. 6-1, at 209, 212 (Exhibits 28, 29). On August 4, 2020, the Ohio Supreme Court denied Jones's motion for leave to file a delayed appeal. *Id*. at 227 (Exhibit 30).

*Delayed Ohio Appellate Rule 26(B) application for reopening*

On June 25, 2021, Jones filed in the Ohio court of appeals a delayed Ohio App. R. 26(B) application to reopen his appeal of the trial court's denial of his second motion to withdraw his guilty plea. Doc. 6-1, at 228 (Exhibit 31). The State filed an opposition brief and Jones filed a reply. *Id*. at 250, 236 (Exhibits 32, 33). On July 16, 2021, the Ohio court of appeals denied Jones's application for two reasons: (1) it was "untimely on its face" and Jones hadn't shown good cause for his untimely filing; and (2) a Rule 26(B) application "does not apply to appeals from an adverse ruling on a motion to vacate a guilty plea." *Id*. at 269–70 (Exhibit 34).

On August 30, 2021, Jones timely appealed to the Ohio Supreme Court. Doc. 6-1, at 272 (Exhibit 35). In his memorandum in support of jurisdiction, he set forth the following proposition of law:

> Appellate counsel was constitutionally ineffective for failing to assign as error, trial counsel's ineffectiveness as defense counsel failed to fulfill his adversarial role to the State's case during the plea negotiation process and preparation for trial.

5

*Id*. at 276 (Exhibit 36). On October 12, 2021, the Ohio Supreme Court declined under its rule of practice 7.08(B)(4) to accept jurisdiction of Jones's appeal. *Id*. at 293 (Exhibit 37).

*Federal habeas corpus petition*

On August 31, 2022, Jones filed a federal habeas corpus petition under 28 U.S.C. § 2254.[3] Doc. 1. He raised the following grounds for relief:

> **Ground one**: Petitioner was denied his Sixth Amendment Right to effective assistance of counsel, resulting in a plea that was not knowingly, intelligently, and voluntarily given.
>
> **Ground two**: Petitioner was denied his Sixth Amendment Right to effective assistance of appellate counsel for appellate counsel's failure to assign as error, counsel's ineffectiveness during the plea negotiation process and preparation for trial.

Doc. 1, at 5, 7. The respondent filed a Return of Writ, Doc. 6, and Jones filed a Traverse, Doc. 7.

**Law and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104–132, 110 Stat. 1214, provides a one-year limitations period in

---

[3] A petition is deemed filed when a petitioner places it the prison mailing system. *Houston v. Lack*, 487 U.S. 266, 270 (1988). Jones states that he placed his Petition in the prison mailing system on August 31, 2022. Doc. 1, at 15.

6

a habeas action brought by a person in custody from a state court judgment. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute of limitations is tolled for any period in which a properly filed petition for post-conviction relief is pending before the state courts. 28 U.S.C. § 2244(d)(2); *see Wall v. Kholi*, 562 U.S. 545, 550–51 (2011). To toll the running of the statute of limitations, however, a post-conviction motion must be properly filed. A post-conviction application is not properly filed unless "'its delivery and acceptance [follow] the applicable laws and rules governing filings'—including any state-imposed time limits." *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018). Under this "understanding, a [post-conviction] petition filed after a time limit, and which does not fit within any exceptions

7

to that limit, is no more 'properly filed' than a petition filed after a time limit that permits no exception." *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). Moreover, the statutory tolling provision does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted).

Under section 2244(d)(1)(A),[4] Jones's case became final forty-five days after the Ohio court of appeals affirmed the trial court's judgment on direct review, when Jones's time to appeal to the Ohio Supreme Court ran out. *See Fuller v. Thomas*, 110 F. App'x 496, 497 (6th Cir. 2004) (when a petitioner doesn't appeal to the Ohio Supreme Court, the limitations period starts to run 45 days after the Ohio court of appeals' decision); *see* Ohio Sup. Ct. Prac. R. 6.01(A). The Ohio court of appeals affirmed the trial court's judgment on December 15, 2016. Doc. 6-1, at 67. So the limitations period began running on January 31, 2017, after the 45-day window to appeal closed, and expired a year later on January 31, 2018.

---

[4] Section 2244(d)(1)(D) could also apply to Jones's case, but under this section the limitations period would have started to run earlier. This is so because Jones discovered the factual predicate for his claim on January 26, 2016, the day he was sentenced, *see* Doc. 6-1, at 10, 12–13, or in April 2016, when appellate counsel filed the appellate brief, Doc. 6-1, at 34. And if section 2244(d)(1)(D) could be triggered by some other factual predicate, Jones hasn't indicated what this purported fact would be or when he learned of it. Neither party makes an argument that another subsection of 28 U.S.C. § 2244(d)(1) applies to Jones's case or asserts facts that would implicate another section.

Jones's November 2018 motion to withdraw guilty plea, Doc. 6-1, at 85, doesn't trigger a later start-date under section 2244(d)(1)(A). A motion to withdraw guilty plea may only toll, not re-start, the limitations periods.[5] *See Goodballet v. Mack*, 266 F. Supp. 2d 702, 705–06 (N.D. Ohio 2003) (under section 2244(d)(1)(A), a motion to withdraw guilty plea may toll the running of the limitations period but does not re-start it). And because Jones's limitations period had already expired when he filed his November 2018 motion to withdraw guilty plea, the motion has no effect on the limitations period. *See Vroman*, 346 F.3d at 602.

Jones's June 2021 delayed Ohio Appellate Rule 26(B) application to reopen doesn't restart the limitations period because a Rule 26(B) application to reopen is a state collateral proceeding, not direct review. *See Lopez*, 426 F.3d at 353; *see Morgan v. Eads*, 818 N.E.2d 1157 (Ohio 2004). And because Jones filed his Rule 26(B) application more than three years after the limitations period expired, it could have no tolling effect. *See Vroman*, 346 F.3d at 602.

---

[5]  Even if Jones's November 2018 motion to withdraw guilty plea re-started the limitations period, which it did not, Jones's habeas petition would still be time-barred. The Ohio Supreme Court declined to accept Jones's appeal of this motion on August 4, 2020. Even if Jones were entitled to a 90-day window to appeal to the United States Supreme Court, Jones's conviction would have been final on November 2, 2020, and the one-year limitations period would have expired on November 3, 2021. Jones's June 2021 delayed Rule 26(B) application to reopen would not toll the limitations period because the Ohio court of appeals rejected it as untimely and improper, Doc. 6-1, at 269-70. *See Pace*, 544 U.S. at 414 (only a properly filed post-conviction motion tolls the limitations period).

Jones may also be entitled to "equitable tolling" if he has been "pursuing his rights diligently" and "some extraordinary circumstance" prevented him from timely filing his habeas petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418). Jones bears the burden of "persuading the court" that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). Jones hasn't offered any explanation relevant to equitable tolling in his petition or his traverse. *See* Docs. 1, 7. His argument related to his guilty plea—that he "has [a] mental health handicap as well as [a] learning disability," Doc. 7, at 10, 16—is insufficient to toll the limitations period. *See, e.g., Ata v. Scutt*, 662 F.3d 736, 741–42 (6th Cir. 2011) ("a blanket assertion of mental incompetence is insufficient to toll the statute of limitations").

Finally, a claim of "actual innocence" may overcome the one-year statute of limitations if the petitioner "demonstrates actual innocence so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (citing *Murray v Carrier*, 477 U.S. 478, 495–96 (1986)). "A valid claim of actual innocence requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*,

10

523 U.S. 614, 623 (1998)). The Supreme Court underscored that "the miscarriage of justice exception … applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 569 U.S. 383, 394–95 (2013) (quoting *Schulp*, 513 U.S. at 329). The timing of an actual innocence claim can "seriously undermine the credibility" of the claim, if a petitioner presents it after a period of "[u]nexplained delay." *Id.* at 399–400.

Jones insinuates that he is "an innocent man." Doc. 7, at 6. But he hasn't claimed actual innocence or identified "new reliable evidence … that was not presented at trial" demonstrating actual innocence. *See Schlup*, 513 U.S. at 324. Indeed, at his sentencing hearing Jones did not claim that he was innocent, but argued that he shouldn't have to serve his sentences consecutively because his rape victims were "crack fiends," prostitutes, or current or former girlfriends. Doc. 6-2, at 71–74. Jones hasn't shown a fundamental miscarriage of justice to overcome the time-bar. *See Patterson*, 455 F. App'x at 609.

**Conclusion**

For the reasons set forth above, I recommend that Jones's Petition be dismissed as time-barred.

Dated: April 16, 2024

*/s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).