# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LEE JONES,** | CASE NO. 1:22 CV 1571 |
| Petitioner, | |
| v. | JUDGE JAMES R. KNEPP II |
| **WARDEN DOUGLAS FENDER,** | |
| Respondent. | **MEMORANDUM OPINION AND ORDER** |

Petitioner Lee Jones ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge James E. Grimes Jr. for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On April 16, 2024, Judge Grimes issued an R&R recommending the Petition be dismissed as time-barred. (Doc. 8). Petitioner filed objections to the R&R. (Doc. 9).

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and dismisses Petitioner's habeas Petition as untimely.

## BACKGROUND

This habeas case, filed on August 21, 2022, stems from Petitioner's January 2016 state court conviction on a guilty plea to a charge of rape. *See State v. Jones*, No. CR-14-590112-A (Cuyahoga Cnty. Ct. Common Pleas); *State v. Jones*, 2016 WL 7295653, at *1 (Ohio Ct. App.). In the Petition, Petitioner raised two grounds for relief:

> **Ground One:** Petitioner was denied his Sixth Amendment Right to effective assistance of counsel, resulting in a plea that was not knowing, intelligently, and voluntarily given.

>**Ground Two:** Petitioner was denied his Sixth Amendment Right to effective assistance of appellate counsel for appellate counsel's failure to assign as error, trial counsel's ineffectiveness during the plea negotiation process and preparation for trial.

(Doc. 1, at 5, 7).

In his R&R, Judge Grimes recommends the Court find the Petition time-barred as it was filed after the one year statute of limitations for such an action and Petitioner has not demonstrated any basis for tolling of the statute of limitations. *See* Doc. 8.

## STANDARD OF REVIEW

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews de novo those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter de novo, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D.

2

Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

### DISCUSSION

Petitioner filed a timely objection to the R&R. (Doc. 9). Therein, Petitioner contends his claims were not "procedurally defaulted, and/or were not beyond any possibility of fair-minded jurist[s] could disagree with the Ohio Court of Appeals' determination of the issues presented" and argues the merits of those underlying claims, which involve claims of ineffective assistance of both trial and appellate counsel. *See id.* That is, Petitioner appears to argue his claims meet the standard set forth in 28 U.S.C. § 2254(a) for review on the merits. But the R&R did not recommend the Court find Petitioner's claims meritless; rather it recommends this Court find the Petition untimely. *See* Doc. 8.

Petitioner's filing not only fails to specifically object to Judge Grimes's dispositive conclusions that this matter is time-barred, it also does not mention timeliness or present any argument for tolling of the statutory time period. Rather, it amounts to a rehashing of arguments presented to the Magistrate Judge that go to the merits of the underlying claim, which is irrelevant to timeliness.

As the R&R clearly sets forth, the Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations period for a habeas corpus action brought by a person in custody from a state court judgment. *See* 28 U.S.C. § 2244(d)(1). This time period

3

can be tolled statutorily by the filing of certain post-conviction actions (28 U.S.C. § 2244(d)(2)) or equitably if the Petitioner has "been pursuing his rights diligently" and "some extraordinary circumstance" prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Finally, a claim of actual innocence may overcome the statute of limitations, but such a claim requires "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995)

Petitioner's objection does not identify any error in the Magistrate Judge's well-reasoned analysis regarding application of the § 2244(d) statute of limitations. Although Petitioner's objections do not appear specific enough to trigger more than clear error review, the Court has reviewed the R&R *de novo*. Upon that *de novo* review, the Court agrees with the Magistrate Judge's determination that (1) the Petition is time-barred, (2) Petitioner is not entitled to tolling (either statutory or equitable), and (3) Petitioner has not demonstrated actual innocence to overcome the statute of limitations.

Petitioner's objections are therefore overruled.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Grimes's R&R (Doc. 8) be, and the same hereby is, ADOPTED as the Order of this Court as supplemented herein, and the Petition (Doc. 1) is DISMISSED as time-barred as set forth therein; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, no certificate of

appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 3, 2024